UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
TRACY SCHOENADEL,

                Plaintiff,

-against-

YOUGOV AMERICA, INC.,

                Defendant.

------------------------------------------------------------ X

Case No. 1:22-cv-10236 (JMF)

STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING THE TREATMENT OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL MATERIAL

       **IT IS HEREBY STIPULATED AND AGREED**, by and between the parties to this lawsuit (the "Parties"), through their respective counsel, that this Stipulation and Order governs the use and handling of documents, exhibits, deposition testimony, video and audio tapes and other information and documentation, including all copies, excerpts and summaries thereof (collectively, "Material"), produced by any Party to another Party in connection with the above-captioned lawsuit (the "Action").

      Any Party may designate as "Confidential" any Material which is produced by any Party or non-Party in response to document requests, interrogatories, or subpoenas served in this proceeding, or other discovery obligations herein, when such designating Party in good faith believes that the Material contains sensitive security, safety, financial, personal, medical, commercial or proprietary business information relating to such Party, and/or such Party's current or former employees, the public disclosure of which may have an adverse effect on the personal, financial, non-public and proprietary information, commercial or business reputation or interests of such Party or such Party's current or former employees ("Confidential Material").

      Any Party may designate as "Highly Confidential" any Material which is produced by any Party or non-Party in response to document requests, interrogatories, or subpoenas served in this

1279247 v1

proceeding, or other discovery obligations herein, when such designating Party in good faith believes that the Material includes or constitutes confidential or proprietary information of the producing Party (or of a third party where the producing party is under a duty to maintain the information in confidence) which, if disclosed to the requesting Party, would likely result in serious injury or harm to the producing Party's or a third party's, financial, business or personal reputation or interest ("Highly Confidential Material").

      1.    Confidential Material shall be subject to the following restrictions:

          (a)    Confidential Material shall be used only for the purpose of the Action (including appeals, if any), and not for any other purpose whatsoever, and shall not be given, shown, made available or communicated in any way to anyone except those to whom it is necessary that such Confidential Material be given or shown for the purposes permitted under this paragraph 1, as set forth in subparagraph (b) below.

          (b)    Confidential Material shall not be disclosed except to:

               (i)    the Parties, counsel of record and other counsel for the Parties in this Action and such employees, experts, contractors, agents and consultants working with counsel, if any, in connection with this Action;

               (ii)    the litigation forums in which the Action may proceed (including the Court, court reporters, stenographic reporters);

               (iv)    witnesses who counsel for a Party in good faith believes may be called to testify at deposition or trial in the Action and the documents are relevant to that witness's anticipated deposition or trial testimony, provided such person has first executed Attachment A;

     (v) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy or any person who otherwise lawfully received the Confidential Material prior to the commencement of this Action; and

     (vi) any mediator that the parties engage in this matter or that the Court appoints.

  (c) All materials designated as confidential are treated as such until the parties reach an alternative agreement regarding their treatment at trial as part of the parties' Joint Pre-Trial Order and/or at the final Pre-Trial Conference.

 2. Each person given access to Confidential Material pursuant to the terms hereof (a "Non-party") shall be advised that: (a) the Confidential Material is being disclosed pursuant to and subject to the terms of this Order and may not be disclosed or used other than pursuant to the terms hereof; and (b) that the violation of the terms of this Order (by use of the Confidential Material in any impermissible manner) may constitute a violation of a Court order. Before a non-Party is given access to Confidential Material, he/she must read and agree in writing or on the record before a court reporter to be bound by the provisions of this Order (in the form of an Acknowledgment attached hereto as "Attachment A"). Each Party and its respective counsel agree to notify counsel for all other Parties immediately if it obtains knowledge or information that a Non-party is about to disclose, or has disclosed, Confidential Material to persons who have not agreed to be bound by the provisions of this Order.

 3. Highly Confidential Material shall be subject to the following restrictions:

  (a) Highly Confidential Material shall be used only for the purpose of the Action (including appeals, if any), and not for any other purpose whatsoever, and shall not be given, shown, made available or communicated in any way to anyone except those to whom it is

1279247 v1

necessary that such Highly Confidential Material be given or shown for the purposes permitted under this paragraph 3, as set forth in subparagraph (b) below.

      (b)    Highly Confidential Material shall not be disclosed except to:

          (i)    the litigation forums in which the Action may proceed (including the Court, court reporters, stenographic reporters);

          (ii)    outside counsel for a Party to the Action (*i.e.*, counsel for a Party who is not an employee of the Party or any of its affiliates) and employees of such outside counsel who are actively involved in the Action. In the event that the outside counsel is not counsel of record, such counsel may be furnished Highly Confidential Material only after that counsel has executed a copy of the Acknowledgment attached hereto as Attachment "A";

          (iii)    the Parties to the Action, and only if shown the Highly Confidential Material in person by the Party's counsel with counsel present, and so long as the Party does not copy, duplicate, photograph or remove the Highly Confidential Material from counsel's possession;

          (iv)    experts who have a legitimate need to review the Highly Confidential Material and have executed a copy of the Acknowledgement attached hereto as Attachment "A";

          (v)    independent litigation support services personnel, including copying services, imaging and coding services, trial exhibit preparation services, solely for the purpose of assisting a Party with the litigation; and

          (vi)    other persons as ordered by the Court or agreed to in writing or on the record by the Parties.

(c) In addition, materials designated as HIGHLY CONFIDENTIAL may be disclosed to one specially designated in-house legal employee of a Party to the lawsuit and the immediate staff of such employee whose involvement in the Action is necessary to the prosecution and/or defense of the Action, provided that a copy of the Acknowledgment attached hereto as Attachment "A" signed by the specially-designated in-house legal employee shall have been served on all other Parties no less than three (3) days prior to such disclosure, and provided further that the producing Party has not objected to such disclosure. In the event that the producing Party objects to the disclosure, the Party seeking disclosure may move for entry of an order from the Court to allow disclosure to the specially-designated in-house legal employee, and to seek a prompt ruling by the Court on same. For purposes of deciding such motion, the producing Party shall have the burden of proof that the designation is appropriate, and the Party seeking disclosure shall have the burden of proof that disclosure is necessary to the prosecution and/or defense of litigation. Pending a ruling by the Court, no disclosure shall be made to a specially-designated in-house legal employee for whom an objection has been lodged.

4. Each person (as identified in paragraph 3(b), above) given access to Highly Confidential Material pursuant to the terms hereof shall be advised that: (a) the Highly Confidential Material is being disclosed pursuant to and subject to the terms of this Order and may not be disclosed or used other than pursuant to the terms hereof; and (b) that the violation of the terms of this Order (by use of the Highly Confidential Material in any impermissible manner) may constitute a violation of a Court order. Before a permissible person (as identified in paragraph 3(b), above) is given access to Highly Confidential Material, he/she must read and agree in writing or on the record before a court reporter to be bound by the provisions of this Order (in the form of an Acknowledgment attached hereto as "Attachment A"). Each Party and its respective counsel

5

agree to notify counsel for all other Parties immediately if it obtains knowledge or information that a person is about to disclose, or has disclosed, Highly Confidential Material to persons who have not agreed to be bound by the provisions of this Order or as specifically permitted by paragraph 3(b).

5. Confidential Material or Highly Confidential Material shall be designated as follows:

(a) In the case of documents, designation shall be made by placing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page of any such document prior to production.

(b) Any Party may at any time request in writing that a producing Party change the confidentiality designation with respect to any document, object, or information, even if such document, object, or information was not designated Confidential or Highly Confidential. Such request shall be made in writing, and shall specifically identify the material that the receiving Party contends is not properly designated. Upon receipt of such written request by the producing party, such material shall be treated as Confidential or Highly Confidential.

(c) In the case of depositions, designation of the portion of the transcript (including exhibits) which contains Confidential Material or Highly Confidential Material shall be made by a statement to such effect on the record during the course of the deposition or within two (2) weeks after such deposition has been transcribed. When designation of Confidential Material or Highly Confidential Material has been made during the course of a deposition, the reporter attending such deposition shall thereafter bind the transcript thereof in separate portions containing the non-confidential Material and Confidential Material or Highly Confidential Material, and the reporter shall place the appropriate legend on the cover of the Confidential or Highly Confidential

portions of the transcript if requested to do so by the Party making such statement. The signatories to this Stipulation and Order may modify this procedure for any particular deposition through agreement on the record at such deposition or within a reasonable time after the conclusion thereof, without a further Order of the Court.

6. (a) The signatories hereto may at any time, on reasonable notice not less than five business days, move for: (i) modification of this Stipulation and Order or (ii) relief from the provisions of this Stipulation and Order with respect to specific Material (subject to the terms of paragraph 6(b), below).

(b) A Party shall not be obligated to challenge the propriety of the designation of Material as Confidential Material or Highly Confidential Material by another Party at the time such designation is made, and failure to do so shall not preclude a subsequent challenge thereof. If a Party challenges such Confidentiality designation, it shall send or give written notice to counsel for the other Party, and counsel for the Parties shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, any Party may, on reasonable notice not less than two (2) business days, apply for appropriate ruling(s) from the Court. In the event of such application, the burden will be on the proponent of confidentiality to satisfy the standards for a protective order set out in the Federal Rules of Civil Procedure and applicable case law. A Party challenging a Confidentiality designation shall continue to treat such Material as Confidential Material or Highly Confidential Material until a ruling of the Court directing otherwise is issued.

(c) Nothing contained in this Stipulation and Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any

privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7. Any reproductions, summaries, or abstracts of Confidential Material or Highly Confidential Material shall be treated in the same manner as the originals.

8. Any Party filing Confidential Material or Highly Confidential Material shall comply with Section 7 of this Court's Individual Rules and Practices

9. (a) This Stipulation and Order, insofar as it restricts the communication and use of Confidential Material or Highly Confidential Material, shall continue to be binding throughout and after the conclusion of this Action.

(b) Upon final termination of this Action, including all appeals, each Party shall make reasonable efforts to destroy all Confidential Material and Highly Confidential Material. Counsel for the Parties may retain a copy of all pleadings, briefs, transcripts, and exhibits that are or contain Confidential Material or Highly Confidential Material, so long as they keep the documents confidential. The destroying Party shall notify the producing Party when destruction under this provision is complete.

(c) Notwithstanding the destruction of any Confidential Material and Highly Confidential Material, the Parties shall be bound by the terms of this Stipulation and Order.

(d) This Stipulation and Order has no effect upon, and its scope shall not extend to, either Party's use or disclosure of his, her, its, or their own Confidential Information.

10. An inadvertent failure to designate any Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to Paragraph 5 may be corrected by written notice to the party receiving Confidential Material or Highly Confidential Material within ten (10) business days following discovery of the inadvertent disclosure. The receiving Party shall not be liable for

8

disclosing to any non-Party not mentioned in Paragraph 1(b) or any individual not mentioned in Paragraph 3(b) any such Material prior to it being designated as "Confidential" or "Highly Confidential," provided the receiving Party and the non-Party or individual promptly thereafter comply with Paragraph 2 or Paragraph 4 or the receiving Party sends a written request to any such non-Party or individual immediately to destroy and/or return the "Confidential" or "Highly Confidential" Material.

11.  (a)  Pursuant to Fed. R. Civ. P. 26(b)(5)(b) and Fed. R. Evid. 502, the disclosure of communications, and other Material protected by the attorney-client privilege, work product doctrine, or any other privilege ("Privileged Material") shall not constitute a waiver of any privilege or other protection associated with the Privileged Material, nor constitute a waiver of any privilege or other protection concerning the same or similar subject matter. In the event of disclosure of Privileged Material, the Producing Party shall be deemed to have taken reasonable steps to rectify the error of the disclosure if, within thirty (30) days from the date that the disclosure was discovered or brought to the attention of the Producing Party, the Producing Party notifies the party that received the Privileged Material (the "Receiving Party") of the disclosure and instructs the Receiving Party to promptly sequester, return, delete, or destroy all copies of the Privileged Material (including any and all work product containing such Privileged Material). Upon receiving such a request from the Producing Party, the Receiving Party shall promptly sequester, return, delete, or destroy all copies of such Privileged Material (including any and all work product containing such Privileged Material), and shall make no further use of such Privileged Material (or work product containing such Privileged Material), in accordance with Fed. R. Civ. P. 26(b)(5)(B). The Receiving Party also has an affirmative obligation to promptly notify the Producing Party if it receives communications or other Discovery Materials that appear to

constitute Privileged Material.

   (b) Pursuant to S.D.N.Y. Local Civil Rule 26.2 and its accompanying committee note, which encourage parties to agree on a categorical approach to privilege logging, the Parties agree to the following, less burdensome approach to privilege logging:

    (i) emails and other documents exchanged between a Party and their outside counsel are presumptively privileged and need not be logged;

    (ii) exact duplicate emails need not be logged;

    (iii) all other emails can be logged in categorical fashion, whether by subject matter, date range, document type, author, sender, or recipient, provided, however, that the information about the nature of the withheld documents is sufficient to permit the receiving Party to assess the claimed privilege consistent with Local Rule 26.2 and applicable law.

    (iv) an index of documents withheld on grounds of privilege will be provided (the index will contain the document ID, date, sender, recipient, and name/subject metadata if available); and

    (v) any document that does not fit within the agreed-upon categories will be logged in the traditional manner; a Parties' logging of the topmost email shall be deemed to assert protection for all of the protected material in an email string or chain, including multiple redactions or multiple segments, provided, however, that the information about the nature of the withheld documents is sufficient to permit the receiving party to assess the claimed privilege consistent with Local Rule 26.2 and applicable law.

1279247 v1

**AGREED AND STIPULATED:**

Dated: April 28, 2023
New York, New York

Dated: April 28, 2023
New York, New York

VLADECK, RASKIN & CLARK, P.C

SQUIRE PATTON BOGGS (US) LLP

_____
Anne L. Clark
Brandon White
565 Fifth Avenue, 9th Floor
New York, New York 10017
aclark@vladeck.com
bwhite@vladeck.com
(212)-403-7300

*Attorneys for Plaintiff Tracy Schoenadel*

_____
Meghan E. Hill
1211 Avenue of the Americas, 26th Floor
New York, NY 10036
Meghan.hill@squirepb.com

*Attorneys for Defendant YouGov America Inc.*

SO ORDERED:

_____   April 28, 2023
Hon. Jesse M. Furman
United States District Court Judge

This stipulation binds the parties to treat as confidential the documents so classified. This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents." *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order. *See New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

11

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- X

TRACY SCHOENADEL,

         Plaintiff,

-against-

YOUGOV AMERICA, INC.,

         Defendant.

------------------------------------------------------- X

Case No. 1:22-cv-10236 (JMF)

**ACKNOWLEDGEMENT OF STIPULATION AND PROTECTIVE ORDER GOVERNING THE TREATMENT OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL MATERIAL**

    I, _____, hereby acknowledge that I have read the STIPULATION AND ORDER GOVERNING THE TREATMENT OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL MATERIAL entered into by the parties on _____, 2023, in connection with the above-captioned litigation and am familiar with its terms.

    The undersigned further acknowledges that he/she fully understands the provisions of the STIPULATION AND ORDER GOVERNING THE TREATMENT OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL MATERIAL, agrees to be bound by those provisions, and has been apprised of the possible penalties attendant upon a violation of any of those provisions, including but not limited to being held in contempt.

    This \_\_\_\_ day of _____, 202\_.

                                    _____
                                    Signature

1279247 v1