# VLADECK, RASKIN & CLARK, P.C.

ANNE L. CLARK
(212) 403-7332
EMAIL: aclark@vladeck.com

April 4, 2024

VIA ECF

Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: Tracy Schoenadel v. YouGov America, Inc., Case No. 22-CV-10236

Dear Judge Subramanian:

  We represent Plaintiff Tracy Schoenadel in the above-captioned action against Defendant YouGov America, Inc. ("YouGov"). We write to respectfully request that this Court grant Plaintiff's counsel permission to share certain documents produced in this matter via screenshare with Georgie Webb, a former YouGov employee and witness in this matter.[1]

  Defendant designated these documents as Highly Confidential, pursuant to this Court's Stipulation and Protective Order Governing the Treatment of Confidential and Highly Confidential Material (the "Protective Order"). (See ECF Doc. 24) These documents concern a contract Defendant entered into with a client while Ms. Webb and Plaintiff worked for YouGov. (the "Contract").

  Defendant alleges that the Plaintiff incorrectly priced the Contract resulting in serious financial repercussions for YouGov. (see ECF Doc. 67, ¶¶ 278-79, 281-82, 293-94, 297-301, 303-04) Ms. Webb is the person who put together the pricing for Contract and worked on the implementation of the Contract's deliverables in her last months at YouGov. Ms. Webb can refute certain allegations made in Defendant's Statement of Undisputed Material Facts Pursuant to Local Rule 56.1 (see id.), including that the Contract "obligated YouGov to provide several services, some of which were vastly undercharged and others which Plaintiff simply did not charge the [client] for at all." (Id. ¶ 299)

  Ms. Webb is willing to provide a declaration to refute Defendant's allegations and has signed a confidentiality agreement pursuant to this Court's Protective Order. (See ECF Doc. 24)

---

[1] The documents Plaintiff seeks to share with Ms. Webb via screenshare include documents bates stamped YGA5100-04, YGA5138-42, YGA8067-98, YGA11470-82, YGA30520-22, YGA32583-85, YGA32588-89, YGA32617-19, YGA32629-32, YGA54098-106, YGA54188, and YGA59423-32. After written communication and a telephone conversation, Defendant will only consent to allowing Ms. Webb to review YGA11470-82 and YGA54098-106 via screenshare.

Hon. Arun Subramanian
April 4, 2024
Page 2

However, Ms. Webb left YouGov two years ago. Therefore, these underlying documents, including documents that Ms. Webb's name is not on, can refresh Ms. Webb's recollection on some of the Contract's details, including the cost estimate and the Contract's deliverables.

      Ms. Webb has signed the Protective Order and we intend to only screenshare the listed documents, not provide copies to Ms. Webb. We therefore seek this limited relief from the Protective Order.

                                          Respectfully submitted,

                                          /s Anne L. Clark

ALC:bw
cc:    Counsel of record (via ECF)

Application granted in part. Plaintiff may share the following two documents with Ms. Webb: YGA 11470-82 and YGA 54098-106. If plaintiff believes she should be permitted to share additional documents with Ms. Webb, she should meet and confer with defense counsel. The Court expects the parties to be able to resolve this issue themselves by, for example, agreeing to appropriate redactions to any additional documents that plaintiff wishes to use. If the parties are unable to come to a compromise, they should submit a joint letter detailing their respective positions by Tuesday, April 9, 2024, at 5:00 PM.

The Clerk of Court is directed to terminate the motion at Dkt. 85.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: April 8, 2024