

Squire Patton Boggs (US) LLP
1211 Avenue of the Americas
New York, New York 10036

O  +1 212 872 9800
F  +1 212 872 9815
squirepattonboggs.com

Meghan E. Hill
T  +1 212 407 0105
meghan.hill@squirepb.com

April 17, 2024

**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: *Schoenadel v. YouGov America Inc.*, Case No. 22-CV-10236-AS
 **Defendant's Letter Motion to Redact Certain Documents Filed by Plaintiff**

Dear Judge Subramanian:

Squire Patton Boggs (US) LLP represents Defendant YouGov America Inc. ("YouGov" or "Defendant") in connection with the above-referenced action. In accordance with Your Honor's Individual Rules and Practices, Rule 11(C)(iii), YouGov respectfully seeks leave for the Court to remove from the public docket and for YouGov to file in redacted form the Declaration of Jordan Deitch (ECF No. 100), the Declaration of Scott Horowitz (ECF No. 101), the Declaration of Tracy Schoenadel (ECF No. 103), the Declaration of Sara Eddleston (ECF No. 104) (all filed in support of Plaintiff's Response in Opposition to YouGov's Motion for Summary Judgment), as well as Plaintiff's Response to Defendant's Local Rule 56.1 Statement of Undisputed Material Facts and Statement of Additional Materials Facts (ECF No. 108), and Plaintiff's Memorandum of Law in Opposition of Defendant's Motion for Summary Judgment (ECF No. 109). Plaintiff opposes this request.

The identified declarations and references to such declarations throughout Plaintiff's Response to Defendant's Local Rule 56.1 Statement of Undisputed Material Facts and Statement of Additional Materials Facts and Memorandum of Law in Opposition of Defendant's Motion for Summary Judgment contain multiple unsupported allegations of drug use, arrests, and affairs of third parties.

Over 40 Offices across 4 Continents

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

1100937903\5\AMERICAS

Squire Patton Boggs (US) LLP
VIA ECF

The Honorable Arun Subramanian
April 17, 2024

While the public generally has a right to access judicial records, this presumption can be overcome if "necessary to preserve higher values" and the sealing order is "narrowly tailored to achieve that aim." *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019). The Second Circuit has long recognized that "the privacy interests of those resisting disclosure" constitute a valid interest which may overcome the presumption of public access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006); *see also Fairstein v. Netflix, Inc.*, No. 20-CV-8042 (PKC), 2023 WL 6164293, at *1 (S.D.N.Y. Sept. 21, 2023) ("Sealing or redaction is warranted if, among other reasons, the privacy interests of the party resisting disclosure outweigh the presumption of access.").

In determining whether privacy interests outweigh the presumption of public access, courts in the Second Circuit evaluate the following factors: (1) "the degree to which the subject matter is traditionally considered private rather than public"; (2) the "nature and degree of injury"; and (3) the "reliability of the information." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). Each of these factors weighs heavily in favor of redacting the aforementioned documents.

First, it is well-settled that the privacy interests of third parties constitutes a "venerable common law exception to the presumption of access," particularly where the allegations involve embarrassing or salacious accounts that have no bearing on a "substantial portion of the public." *Id.* Here, it is unquestionable that the unsupported allegations regarding drug use, arrests, and affairs of third parties implicate the privacy interests of such individuals that have absolutely no impact on the public.

As to the second factor, the unsupported statements regarding third parties alleged drug use, arrests, and affairs undoubtedly contain salacious and defamatory accusations against non-parties that have nothing whatsoever to do with Plaintiff's asserted legal claims and are completely unnecessary for her to sufficiently plead or support her claims. In fact, such unsupported allegations are included solely for the purpose of causing reputational injury to non-parties who are not defendants in this case and have no means of remedying such harm. As such, redaction of these statements is warranted. *See, e.g., McLaughlin v. Macquarie Capital (USA) Inc. et al.*, No. 1:17-cv-09023-RA, ECF No. 76 (S.D.N.Y. July 16, 2020) (granting parties' request to redact court documents containing identities of non-parties and salacious and harmful allegations regarding defendant and its employees); *Bakemark USA LLC v. Negron*, 2024 WL 379875, at *1 (S.D.N.Y. Feb. 1, 2024) (granting motion to redact because the information was "not particularly relevant to the parties' dispute" and "implicates the potential privacy interests of third parties").

Finally, many of the statements at issue regarding the third parties alleged drug use, arrests, and affairs are utterly unreliable hearsay, as the declarant's basis for such allegation is indeed not what the declarant either heard or witnessed themself, but rather, is based on what the declarant heard secondhand from someone else. Given such, these statements are highly likely to "contain misinformation," therefore strongly militating in favor of sealing or redacting the statements. *Amodeo*, 71 F.3d at 1052; *see also United States v. Gatto*, No. 17-CR-686 (LAK), 2019 WL 4194569, at *8 (S.D.N.Y. Sept. 3, 2019) (maintaining documents under seal because the documents "consist[] of hearsay, speculation and rumor" regarding innocent third-parties).

Squire Patton Boggs (US) LLP  
VIA ECF

The Honorable Arun Subramanian  
April 17, 2024

We therefore respectfully request your approval to file the following declarations and documents with redactions pursuant to your Honor's Individual Rules and Practices: the Declaration of Jordan Deitch (ECF No. 100), the Declaration of Scott Horowitz (ECF No. 101), the Declaration of Tracy Schoenadel (ECF No. 103), the Declaration of Sara Eddleston (ECF No. 104) (all filed in support of Plaintiff's Response in Opposition to YouGov's Motion for Summary Judgment), Plaintiff's Response to Defendant's Local Rule 56.1 Statement of Undisputed Material Facts and Statement of Additional Materials Facts (ECF No. 108), and Plaintiff's Memorandum of Law in Opposition of Defendant's Motion for Summary Judgment (ECF No. 109). In accordance with your Honor's Individual Rules and Practices, the proposed redacted documents have been publicly filed on ECF and electronically relate to this Letter Request and an unredacted version of the documents with the proposed redactions highlighted have been contemporaneously filed under seal on ECF and electronically related to this Letter Request.

Respectfully submitted,

Squire Patton Boggs (US) LLP

*[signature]*

Meghan E. Hill

*Counsel for Defendant, YouGov America, Inc.*

cc:  Counsel of Record (by ECF)

Application granted in part. Defendant may redact information related to any affair. But unlawful activity and arrests are not matters that are "traditionally considered private." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). So defendant had not met its burden with regard to such information, and it should not be redacted.

The Clerk of Court is directed to terminate the motion at Dkt. 110.

SO ORDERED.

*[signature]*

Arun Subramanian, U.S.D.J.  
Date: April 19, 2024