UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | |
|---|---|
| TRACY SCHOENADEL, | Case No. 1:22-CV-10236-AS |
| Plaintiff, | Judge Arun Subramanian |
| - v – | **DEFENDANT'S PROPOSED JURY CHARGES** |
| YOUGOV AMERICA INC., | |
| Defendant. | |

-----------------------------------------------------------

Defendant, YouGov America, Inc. ("YouGov America"), by and through its attorneys, Squire Patton Boggs (US) LLP, pursuant to Rule 51 of the Federal Rules of Civil Procedure, respectfully submit these proposed jury instructions to be given to the jury. We have been unable to reach an agreement with Plaintiff's counsel and as of the time of this filing have not heard back on any joint jury instructions. We will continue to meet and confer with plaintiff's counsel as needed.

The parties respectfully request leave to submit revised or additional requested jury instructions based on either the evidence adduced at trial or any rulings of law that the Court may render during these proceedings.

The parties reserve there right to propose modifications to the sequence and/or substance of the charges at or before the charging conference.

1103771628\1\AMERICAS

## I. PRELIMINARY CHARGES

## REQUESTED INSTRUCTION NO. 1

### (Juror Use of Technology, to be Given Before Trial)

If you are selected as a juror in the case, you may not discuss the case with your fellow jurors before you are permitted to do so at the conclusion of the trial, or with anyone else until after a decision has been reached by the jury. You cannot talk about the case or otherwise have any communications about the case with anyone, including your fellow jurors or your family and friends, until I tell you that such discussions may take place.

In addition to not having face-to-face discussions with your fellow jurors or anyone else, you cannot communicate with anyone about the case in any way, whether in writing, or through email, text messaging, blogs, or comments, or on social media websites and apps (like Twitter (now known as X), TikTok, Facebook, Instagram, LinkedIn, YouTube, WhatsApp, and Snapchat) or sources such as Wikipedia.

You also cannot conduct any type of independent or personal research or investigation regarding any matters related to this case. Therefore, you cannot use your cellphones, iPads, computers or any other device to do any research or investigation regarding this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. You must ignore any information about the case you might see, even accidentally, while browsing the internet or on your social media feeds. You must base the decisions you will have to make in this case solely on what you hear and see in this courtroom.

> **Source:** Kevin F. O'Malley et al., <u>Federal Jury Practice and Instructions-Civil</u> § 101:13 (7th ed.), Westlaw (database updated January 2025) (hereinafter referred to as "<u>FJIP</u>")

1103771628\1\AMERICAS

<u>**TO BE GIVEN AT THE END OF TRIAL**</u>

<u>**REQUESTED INSTRUCTION NO. 2**</u>

**(Jury Instructions, General Introduction)**

Members of the jury, we have now reached that point where you are about to begin your final function as jurors, which, as you all appreciate, is one of the most important duties of citizenship in this country.

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. My instructions will be in five parts:

**First**, I will provide you with general introductory instructions on the role of the Court and the jury, and the burden of proof.

**Second**, I will describe the law to be applied to the facts as you find them based on the evidence.

**Third**, I will instruct you on damages.

**Fourth**, I will give you instruction on how to evaluate of evidence.

**Fifth**, and finally, I will instruct you on the deliberations.

I will provide each of you with a copy of these instructions before you deliberate.

It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but rather consider these instructions as a whole when you retire to deliberate.

If an attorney has stated a legal principle that is different from any that I state to you in my instructions, you must follow my instructions.

You should not be concerned about the wisdom of any rule that I state. Regardless of any opinion you have about what the law may be or ought to be, it would be a violation of your oath

to base your verdict on any view of the law other than that which I give you. Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

> **Source:** <u>FJIP</u> § 103:01; Jury Instructions in <u>Delville v. Firmenich Inc.</u>, No. 08 Civ. 10891, ECF No. 118, at 149-85 (Nov. 13, 2013).

1103771628\1\AMERICAS

## REQUESTED INSTRUCTION NO. 3

### (Impartiality)

A lawsuit is a civilized method of determining differences between people. It is basic to the administration of any system of justice that the decision on both the law and the facts is made fairly and honestly. You, as jurors, and I, as the Judge, have the heavy responsibility of ensuring that a just result is reached in deciding the differences between Ms. Schoenadel and YouGov America in this case. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict.

> **Source:** Hon. David Demarest et al., <u>New York Pattern Jury Instructions-Civil</u> § 1:7A (2025 Ed.) Westlaw (database updated December 2024) (hereinafter referred to as "<u>PJI</u>"); <u>FJIP</u> § 103:01.

1103771628\1\AMERICAS

## REQUESTED INSTRUCTION NO. 4
### (Jury Function)

As jurors, your fundamental duty is to decide, from all the testimony you have heard and other evidence that has been presented, what the facts are. You are the sole and exclusive judges of the facts.

You make determinations about the weight and importance of the evidence; you determine the credibility of the witnesses; you resolve any conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you have determined. In that field you are supreme, and neither I nor anyone else may invade your job to determine the facts.

As the sole judges of the facts, you must decide which of the witnesses you believed, what portion of their testimony you accepted, and what weight you give to it.

The law permits me to comment on the evidence in the case during the trial or while instructing the jury. You, however, may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each of the witnesses.

**Source:** PJI § 1:28; FJIP §§ 101:10, 103:33; Jury Instructions in Delville v. Firmenich Inc., No. 08 Civ. 10891, ECF No. 118, at 149-85 (Nov. 13, 2013).

1103771628\1\AMERICAS

# DEFENDANT'S REQUESTED INSTRUCTION NO. 5
## (Burden of Proof)

Because this is a civil lawsuit, Ms. Schoenadel has the burden of proving each disputed part of her claims by a preponderance of the evidence.

I will now explain what "preponderance of the evidence means in this case." To say that a party has the burden of proof on a particular issue means that, considering all the evidence in the case, the party's claim on that issue must be established by a fair preponderance of the credible evidence. The credible evidence means the testimony and exhibits that you find worthy of belief. A preponderance means the greater part of the evidence. That does not mean the greater number of witnesses or the greater length of time taken by either side. The phrase preponderance of the evidence refers to the quality of the evidence, its weight, and the effect that it has on your minds. In order for a party to prevail on an issue on which it has the burden of proof, the evidence that supports its claim on that issue must appeal to you as more nearly representing what happened than the evidence opposed to it. If it does not, or if it weighs so evenly that you are unable to say that there is a preponderance on either side, you must decide the question against the party who has the burden of proof and in favor of the opposing party.

**Source**: (Dkt. 119), Jury Instructions and Verdict Form, *Boger v. New York State Office of Parks, Recreation & Historic Preservation et al*, 5:17-CV-00289; N.Y. Pattern Jury Instr.--Civil 1:23.

1103771628\1\AMERICAS

**DEFENDANT'S REQUESTED INSTRUCTION NO. #**
**(Corporations and Individuals Must be Treated Equally before the Law)**

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law and are to be treated as such. A corporation or other business is entitled to the same fair consideration that you would give any individual person.

**Source**: 3 Fed. Jury Prac. & Instr. § 103:12 (6th ed.).

1103771628\1\AMERICAS

## DEFENDANT'S REQUESTED INSTRUCTION NO. #
### (Deposition Testimony)

Some of the testimony before you is in the form of depositions which have been received in evidence. A deposition is simply a procedure where prior to trial the attorneys for one side may question a witness or an adverse party under oath before a court stenographer. This is part of pretrial discovery, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

**Source**: (Dkt. 119), Jury Instructions and Verdict Form, *Boger v. New York State Office of Parks, Recreation & Historic Preservation et al*, 5:17-CV-00289

1103771628\1\AMERICAS

## II.  SUBSTANTIVE CHARGES

### REQUESTED INSTRUCTION NO. 6
**(Charge on the Substantive Law- Introduction)**

I am now going to instruct you on the substantive law to be applied to Ms. Schoenadel's specific claims. You should consider each claim separately and determine whether Ms. Schoenadel has proved the elements of that claim by a preponderance of the evidence.

**Source:** Jury Instructions in <u>Delville v. Firmenich Inc.</u>, No. 08 Civ. 10891, ECF No. 118, at 149-85 (Nov. 13, 2013)

1103771628\1\AMERICAS

**DEFENDANT'S REQUESTED INSTRUCTION NO. #**
**(Constructive Discharge)**

In this case, Ms. Schoenadel claims that YouGov America took multiple employment actions against her because of her gender. One of the claimed employment actions is called a "constructive discharge." To prove constructive discharge, Ms. Schoenadel must prove the following elements by a preponderance of the evidence:

**First**, YouGov America made Ms. Schoenadel's working conditions intolerable.

**Second**, YouGov America acted with the intent to create such intolerable working conditions; and

**Third**, Ms. Schoenadel's gender was a motivating factor in YouGov America's actions.

Regarding the first two elements, working conditions are considered "intolerable" when, viewed as a whole, they are so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign. You should not find a constructive discharge if you conclude that the essence of Ms. Schoenadel's complaints concern conduct that amounts to nothing more than workplace dynamics, such as favoritism or personality conflicts. Working conditions can be far from perfect and yet fall short of being intolerable.

As to the third element, a "motivating factor" is a factor that played some part in YouGov America's decision, even if other factors may have also played a role.

Authority: *Pollock v. Shea*, 568 F. Supp. 3d 500, 512-13 (S.D.N.Y. 2021); *Wright v. Goldman, Sachs & Co.*, 387 F. Supp. 2d 314, 325 (S.D.N.Y. 2005); *Kenny v. Catholic Charities Community Services Archdiocese of New York*, No. 20 CIV. 3269 (PAE) (RWL), 2023 WL 1993332, at *17 (S.D.N.Y. Feb. 14, 2023); *Mitchell-Miranda v. City of New York*, No. 08 CIV. 4031 (JGK), 2011 WL 1210202, at *9 (S.D.N.Y. Mar. 24, 2011); 3C Fed. Jury Prac. & Instr. § 171:29 (6th ed.).

<u>**REQUESTED INSTRUCTION NO. 7**</u>

**(Gender Discrimination under Title VII and the NYSHRL)**

Ms. Schoenadel asserts that YouGov America discriminated against her based on her gender in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the New York State Human Rights Law (the "NYSHRL"). Specifically, Ms. Schoenadel asserts that YouGov America violated these laws by denying her compensation, denying her a promotion, diminishing her responsibilities, holding her to different standards than men, and by subjecting her to constructive discharge (as previously defined).

Title VII and the NYSHRL forbid an employer from firing or otherwise discriminating against an employee based on their gender.

To prevail on both the Title VII and NYSHRL claims, Ms. Schoenadel must prove both of the following by a preponderance of the evidence:

**First**, Ms. Schoenadel suffered an adverse employment action by YouGov America; and

**Second**, Ms. Schoenadel's gender was a motivating factor in YouGov America's decision to take the adverse employment action.

With regard to the first element, an adverse employment action is an action that is serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment. You, as the jury, must determine whether Ms. Schoenadel has proven the existence of any of these employment actions by a preponderance of the evidence, and if so, whether such actions adversely affected Ms. Schoenadel's compensation, terms, conditions, or privileges of employment. If you find that at least one of these asserted actions adversely affected Ms. Schoenadel's compensation, terms, conditions, or privileges of employment, then this element has

been met. If you find that none of these asserted actions adversely affected Ms. Schoenadel's compensation, terms, conditions, or privileges of employment, then this element has not been met.

If Ms. Schoenadel fails to establish that she was subjected to an adverse employment action by YouGov America, your inquiry stops here, and you must return a verdict for YouGov America. If Ms. Schoenadel does establish that she was subjected to an adverse employment action by YouGov America, then you must proceed to the second element.

The second element that Ms. Schoenadel must establish by a preponderance of the evidence is that her gender was a motivating factor in YouGov America's decision to take the adverse employment action. Remember, a "motivating factor" is a factor that played some part in YouGov America's decision, even if other factors may have also played a role.

YouGov America has offered evidence that its decisions were made entirely for nondiscriminatory reasons. YouGov America, as an employer, may take adverse actions against an employee for any reason, good or bad, as long as it is not discriminatory. In other words, the relevant question is not whether YouGov America's reasoning showed poor judgment. You are not to judge the wisdom of its respective actions. The question you must answer is whether Ms. Schoenadel proved that discrimination based on gender was a motivating factor in YouGov America's employment decision. However, you should scrutinize the reasons proffered by YouGov America, just as you would any other evidence. If you find that the reasons were "pretextual," that is, they were not the real reasons for the decision, then you may infer or not infer, as you choose, that the pretext was designed to conceal discrimination.

Finally, if you find that YouGov America's treatment of Ms. Schoenadel was motivated by both discriminatory and lawful reasons, you must decide whether Ms. Schoenadel is entitled to damages. Ms. Schoenadel is not entitled to damages if YouGov America proves by a

preponderance of the evidence that it would have treated Ms. Schoenadel the same even if Ms. Schoenadel's gender had played no role in the employment decision.

> **Ms. Schoenadel's Source:** 42 U.S.C. § 2000e et seq.; N.Y. Exec. Law § 296(1)(a); N.Y.C. Admin. Code § 8-107(1)(a); Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 110 n.8 (2d Cir. 2013; Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 105-06 (2d Cir. 2010); Terry v. Ashcroft, 336 F.3d 128, 137-38 (2d Cir. 2003); Carlton v. Mystic Transp., Inc., 202 F.3d 129, 134 (2d Cir. 2000).

> **YouGov America's Sources**: (Dkt. 119), Jury Instructions and Verdict Form, *Boger v. New York State Office of Parks, Recreation & Historic Preservation et al*, 5:17-CV-00289; (Dkt. 211), Jury Instructions, *Belabbas v. Inova Software Inc. et al*, 1:16-CV-07379; N.Y. Pattern Jury Instr.--Civil 9:2

## <u>DEFENDANT'S REQUESTED INSTRUCTION NO. #</u>
### (Gender Discrimination under the NYCHRL)

Ms. Schoenadel also asserts that YouGov America discriminated against her based on her gender in violation of the New York City Human Rights Law (the "NYCHRL"). Specifically, Ms. Schoenadel asserts that YouGov America violated these laws by constructively discharging her (as previously defined, denying her a promotion, denying her compensation, diminishing her responsibilities, and holding her to different standards than men.

The NYCHRL makes it illegal to discriminate against any individual with respect to his/her compensation, terms, conditions, or privileges of employment because of such individual's gender. Terms and conditions of employment include compensation and other circumstances of employment. An unlawful employment practice is established when the complaining party

demonstrates that his/her gender was a motivating factor in any employment practice, even though other factors may have also motivated the practice.

However, you must keep in mind that the NYCHRL is not a general civility code. Thus, YouGov America can still avoid liability by proving that the complained-of conduct at issue is nothing more than what a reasonable person would consider a "petty slight or trivial inconvenience."

To prevail on the NYCHRL claim, Ms. Schoenadel must prove both of the following elements by a preponderance of the evidence:

**First**, Ms. Schoenadel suffered an adverse employment action by YouGov America; and

**Second**, Ms. Schoenadel's gender was a motivating factor in YouGov America's decision to take the adverse employment action.

With regard to the first element, to show that she suffered an adverse employment action, Ms. Schoenadel must establish that YouGov America treated her differently from others in a way that was more than trivial, insubstantial, or petty with respect to her compensation, terms, conditions, or privileges of employment. In this claim, Ms. Schoenadel asserts that YouGov America took the following employment actions against her because of her gender: (1) constructive discharge, (2) failure to promote, (3) unfair criticism of her performance, (4) denial of a full LTIP award, and (5) denial of a Sports bonus. You, as the jury, must determine whether Ms. Schoenadel has proven the existence of any of these employment actions by a preponderance of the evidence, and if so, whether such actions adversely affected Ms. Schoenadel's compensation, terms, conditions, or privileges of employment. If you find that at least one of these asserted actions adversely affected Ms. Schoenadel's compensation, terms, conditions, or privileges of employment, then this element has been met. If you find that none of these asserted

actions adversely affected Ms. Schoenadel's compensation, terms, conditions, or privileges of employment, then this element has not been met. Each must be considered in the context of the specific claim made.

If Ms. Schoenadel fails to establish that she was subjected to an adverse employment action by YouGov America, your inquiry stops here, and you must return a verdict for YouGov America. If Ms. Schoenadel does establish that she was subjected to an adverse employment action by YouGov America, then you must proceed to the second element.

The second element that Ms. Schoenadel must establish by a preponderance of the evidence is that her gender was a motivating factor in YouGov America's decision to take the adverse employment action. This element is analyzed the same way under the City Law as it is under Title VII and the New York State Law. That is, a "motivating factor" is a factor that played some part in YouGov America's decision, even if the employer had other, lawful motives that caused the employer's decision.

YouGov America has offered evidence that its decisions were made entirely for nondiscriminatory reasons. YouGov America, as an employer, may take adverse decisions against an employee for any reason, good or bad, as long as it is not discriminatory. In other words, the relevant question is not whether YouGov America's reasoning showed poor judgment. You are not to judge the wisdom of its respective actions. The question you must answer is whether Ms. Schoenadel proved that discrimination based on gender was a motivating factor in YouGov America's employment decisions. However, you should scrutinize the reasons proffered by YouGov America, just as you would any other evidence.

If you find by a preponderance of the evidence that Ms. Schoenadel's gender was a motivating factor in the adverse actions, then this element has been met and you must find in favor

of Ms. Schoenadel on this claim. If you find that Ms. Schoenadel failed to prove that her gender was a motivating factor in the adverse actions, then Ms. Schoenadel has failed to meet her burden and you must find in favor of YouGov America on this claim.

**Source**: (Dkt. 211), Jury Instructions, *Belabbas v. Inova Software Inc. et al*, 1:16-CV-07379; N.Y. Pattern Jury Instr.--Civil 9:2; *Sotomayor v. City of New York*, 862 F. Supp. 2d 226, 258 (E.D.N.Y. 2012), *aff'd*, 713 F.3d 163 (2d Cir. 2013).

1103771628\1\AMERICAS

## YOUGOV AMERICA'S REQUESTED CHARGE No. #
### (Retaliation under Title VII and NYSHRL)

Ms. Schoenadel has asserted a claim of retaliation under Title VII and the NYSHRL. Retaliation is a legal theory in which a plaintiff alleges that her employer has taken an adverse employment action against her because Ms. Schoenadel engaged in some sort of lawfully protected activity.

In this case, Ms. Schoenadel claims that YouGov America took the following actions against her in retaliation for filing her complaint and Grievance: (1) constructive discharge (as previously defined), (2) cancellation of meetings, (3) discontinuation of invitations to leadership meetings and communications from senior leaders, and (4) requesting an identification of successors for her role. These are the only alleged actions that you can consider when evaluating whether Ms. Schoenadel has presented a claim of retaliation under Title VII or the NYSHRL. YouGov America denies that Ms. Schoenadel was retaliated against in any way and claims that it had legitimate, non-retaliatory reasons for any actions taken.

To establish retaliation under Title VII and the NYSHRL, Ms. Schoenadel must prove all of the following by a preponderance of the evidence:

**First**, Ms. Schoenadel engaged in a protected activity in good faith;

**Second**, YouGov America had knowledge of Ms. Schoenadel's protected activity;

**Third**, Ms. Schoenadel suffered a materially adverse employment action; and

**Fourth**, Ms. Schoenadel's protected activity was the "but-for" cause of the alleged adverse action.

With regard to the **first** element, Ms. Schoenadel must demonstrate that she was engaged in an activity that is protected by Title VII and the NYSHRL. "Protected activity" includes the

1103771628\1\AMERICAS

opposition to conduct Ms. Schoenadel in good faith reasonably believed constituted unlawful discrimination. Please note, however, that the term "protected activity" does not include every kind of complaint or objection. For example, the complaint or protest must relate to alleged unlawful discrimination. General workplace complaints or allegations of mistreatment, such as complaints about favoritism, that do not include complaints of unlawful discrimination are not considered protected activities under these laws. In determining whether Ms. Schoenadel engaged in protected activity, you can consider several factors including when, if ever, Ms. Schoenadel made a complaint of unlawful discrimination, as opposed to general allegations of mistreatment, and whether you believe Ms. Schoenadel made any such complaint of unlawful discrimination in good faith.

In this claim, Ms. Schoenadel asserts that she engaged in protected activity by: (1) submitting a complaint alleging discrimination to Frank Saez and Josephina Smith, and (2) filing a grievance with Human Resources alleging gender discrimination. You, as the jury, must determine whether Ms. Schoenadel has proven by a preponderance of the evidence that these complaints were based on a reasonable belief that YouGov America's conduct violated the laws forbidding discrimination and that the complaints were made in good-faith. If you find that at least one of these asserted complaints was good-faith opposition to conduct that Ms. Schoenadel reasonably believed violated the laws forbidding discrimination, then this element has been met. If you find that none of these asserted complaints were good-faith oppositions to conduct that Ms. Schoenadel reasonably believed violated the laws forbidding discrimination, then this element has not been met.

If Ms. Schoenadel fails to establish that she engaged in protected activity, your inquiry stops here, and you must return a verdict for YouGov America. If Ms. Schoenadel does establish that she engaged in protected activity, then you must proceed to the second element.

The **second** element that Ms. Schoenadel must establish by a preponderance of the evidence is that YouGov America had knowledge of Ms. Schoenadel's protected activity. If you find that Ms. Schoenadel did not make a complaint of unlawful discrimination in a manner that enabled YouGov America to reasonably understand that Ms. Schoenadel was opposing what she reasonably believed to be unlawful discrimination, then you must find for YouGov America.

The **third** element that Ms. Schoenadel must establish by a preponderance of the evidence is that Ms. Schoenadel suffered a materially adverse change in the terms and conditions of her employment as a result of her complaint. To be "materially adverse," a change in working conditions must be more disruptive than a mere inconvenience or an alteration of job responsibilities.

In this case, Ms. Schoenadel claims that YouGov America took the following actions against her in retaliation for filing her complaint and Grievance: (1) constructive discharge, (2) cancellation of meetings, (3) discontinuation of invitations to leadership meetings and communications from senior leaders, and (4) requesting an identification of successors for her role. You, as the jury, must determine whether Ms. Schoenadel has proven by a preponderance of the evidence that she suffered a materially adverse employment action. If you find that at least one of these asserted actions was a materially adverse employment action, then this element has been met. If you find that none of these asserted actions was a materially adverse employment action, then this element has not been met.

If Ms. Schoenadel fails to establish that she suffered a materially adverse employment action, your inquiry stops here, and you must return a verdict for YouGov America. If Ms. Schoenadel does establish that she suffered a materially adverse employment action, then you must proceed to the fourth element.

The **fourth** element Ms. Schoenadel must establish by a preponderance of the evidence is that YouGov America's desire to retaliate was the but-for cause of the adverse employment action. This requires Ms. Schoenadel to prove that a causal relationship exists between the protected activity and the alleged adverse action. A causal relationship can be established indirectly, by showing that Ms. Schoenadel complained to YouGov America, and the protected activity was followed closely by the alleged adverse action, or directly through evidence of retaliatory animus directed against Ms. Schoenadel by YouGov America because of her complaints. However, proximity in time alone is not enough to prove retaliation.

You should weigh all the evidence in the case in deciding whether YouGov America retaliated against Ms. Schoenadel. In determining whether YouGov America took actions against Ms. Schoenadel because she opposed what she believed, in good faith, to be gender discrimination, it is important to consider whether the explanations YouGov America has given for its actions were untrue and that retaliation was the real reason for its actions.

YouGov America has offered evidence that its decisions were made entirely for legitimate, non-retaliatory reasons. If you find that the reasons YouGov America gave are not believable, those reasons are considered pretext. In making this determination, you should consider the reasonableness, or lack thereof, of YouGov America's explanation for its decisions, and any evidence that those reasons were unlikely. If you find the reasons articulated by YouGov America

to be unbelievable, you still must determine whether retaliation against Ms. Schoenadel was the real reason for what occurred.

If you believe YouGov America's stated reasons and if you find that the adverse actions would have occurred because of YouGov America's stated reasons regardless of Ms. Schoenadel's protected activity, then you must find for YouGov America. If you disbelieve YouGov America's stated reasons for its conduct, then you may, but need not, find that Ms. Schoenadel has proved her retaliation claims under Title VII and New York State Law.

In determining whether YouGov America's stated reasons for its actions was a pretext for retaliation, it is not your role to second-guess the decisions of YouGov America's business judgment. Absent retaliation, an employer such as YouGov America may subject an employee, such as Ms. Schoenadel, to an adverse employment action for a good reason, a bad reason, a reason based on erroneous fact, or no reason at all. The sole inquiry here is whether Ms. Schoenadel has sustained her burden of proving by a preponderance of the evidence that YouGov America subjected Ms. Schoenadel to an adverse employment action for having engaged in protected activity.

Authority: *Alvarado v. Nordstrom, Inc.*, 685 Fed. Appx. 4, 7 (2d Cir. 2017); *Kelly v. Howard I. Shapiro & Assocs. Consulting Engineers, P.C.*, 716 F.3d 10, 15 (2d Cir. 2013); *Dixon v. Int'l Fed'n of Accountants*, 416 Fed. Appx. 107 (2d Cir. 2011); *Sanders v. N.Y. City Human Res. Admin.*, 361 F.3d 749 (2d Cir. 2004); *Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003).

## DEFENDANT'S REQUESTED INSTRUCTION NO. #
## (Retaliation under the NYCHRL)

Ms. Schoenadel has also asserted a claim of retaliation under the NYCHRL. I will now instruct you more fully on the issues you must address with respect to this claim. The elements of a retaliation claim under the NYCHRL are similar to those under the Title VII and the NYSHRL, but there are some important differences, which I will explain.

To prevail on her retaliation claim under the NYCHRL, Ms. Schoenadel must prove each of the following four elements by a preponderance of the evidence:

**First**, Ms. Schoenadel engaged in a "protected activity," such as making a complaint to her employer about unlawful discrimination;

**Second**, the "protected activity" Ms. Schoenadel engaged in was known to YouGov America;

**Third**, YouGov America engaged in conduct that was reasonably likely to deter a person from engaging in that protected activity; and

**Fourth**, YouGov America's conduct was motivated, at least in part, by Ms. Schoenadel's "protected activity."

As to the **first** and **second** elements, they are evaluated under the same standards as the Title VII and NYSHRL retaliation claims. So if you have found Ms. Schoenadel has proven the first two elements under Title VII and the State Law, then Ms. Schoenadel has proven the same under the City Law..

As to the **third** element, Ms. Schoenadel must prove by a preponderance of the evidence that YouGov America engaged in conduct that was reasonably likely to deter a person from engaging in that protected activity.

In this claim, Ms. Schoenadel claims that the following alleged adverse actions were reasonably likely to deter a person from engaging in protected activity: (1) constructive discharge (as previously defined), (2) cancellation of meetings, (3) discontinuation of invitations to leadership meetings and communications from senior leaders, and (4) requesting an identification of successors for her role.

To constitute retaliatory conduct under the NYCHRL, a defendant's conduct need not be "materially adverse" to a plaintiff. Instead, you need only find that the conduct at issue was reasonably likely to deter a person from engaging in protected activity.

In deciding whether the conduct at issue constitutes conduct that is reasonably likely to deter a person from engaging in protected activity, you must keep in mind that not every instance of negative conduct amounts to conduct that is reasonably likely to deter a person from engaging in protected activity. Petty slights and minor annoyances do not constitute conduct that is reasonably likely to deter a person from engaging in protected activity. You also must keep in mind that context matters, and that the significance of any given act will depend upon the particular circumstances.

As to the **fourth** element, Ms. Schoenadel must prove by a preponderance of the evidence that Ms. Schoenadel's protected activity was a motivating factor in the decision to engage in conduct that was reasonably likely to deter a person from engaging in protected activity. Remember, a motivating factor is a factor that plays some part in YouGov America's employment decision, even if the employer also has other, lawful motives.

The instructions I gave you in connection with Ms. Schoenadel's retaliation claims under Title VII and the NYSHRL regarding circumstantial evidence of retaliatory motive and non-retaliatory reasons apply with equal force to her retaliation claim under the NYCHRL. Thus, in

determining whether Ms. Schoenadel has satisfied this element, because YouGov America claims that it had legitimate, non-retaliatory reasons for its actions, you must decide whether the action taken against Ms. Schoenadel would have been taken on the basis of non-retaliatory reasons alone. Remember, it is not your role to second-guess the decisions of YouGov America's business judgment. The sole inquiry here is whether Ms. Schoenadel has sustained her burden of proving by a preponderance of the evidence that she took an action opposing YouGov America's discrimination, and that, as a result, YouGov America engaged in conduct that was reasonably likely to deter a person from engaging in such action.

> **Source**: N.Y.C. Admin. Code § 8-107(7); *Kia Song Tang v. Glocap Search LLC*, No. 14-CV-1108 JMF, 2015 WL 1344788, at *5–6 (S.D.N.Y. Mar. 24, 2015); *Mihalik v. Credit Agricole Cheuvreux N.A., Inc.*, 715 F.3d 102, 112-13 (2d Cir. 2013); (Dkt. 211), Jury Instructions, *Belabbas v. Inova Software Inc. et al*, 1:16-CV-07379; N.Y. Pattern Jury Instr.--Civil 9:2.

1103771628\1\AMERICAS

## DEFENDANT'S REQUESTED INSTRUCTION NO. #
## (New York Labor Law: Unlawful Wage Deduction)

Ms. Schoenadel has asserted a claim for unlawful wage deductions under the New York Labor Law. I will now instruct you more fully on the issues you must address with respect to this claim.

The New York Labor Law permits employers to make certain deductions from employee wages. These deductions consist of those required by law or regulation, such as federal taxes, and those authorized by the employee for the employee's benefit, such as insurance premiums.

In this case, Ms. Schoenadel alleges that YouGov America made an unlawful deduction from her wages by failing to pay her the full amount of a Sports bonus. To prevail on her claim under the New York Labor Law, Ms. Schoenadel must prove each of the following elements:

**First**, Ms. Schoenadel was an employee of YouGov America;

**Second**, YouGov America made a deduction from Ms. Schoenadel's wages; and

**Third**, the deduction was not otherwise permitted by law or authorized for the employee's benefit.

As to the **first** element, Ms. Schoenadel and YouGov America agree that Ms. Schoenadel was an employee of YouGov America.

As to the **second** element, the New York Labor Law prohibits deductions from an employee's "wage." The New York Labor Law defines "wages" as the earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis. This definition of wages includes a bonus payment if the bonus payment was expressly linked to the employee's labor or services personally rendered— that is, there must be a direct relationship between the employee's own performance and the bonus payment to which that employee was entitled. "Wages" does not, however, include a bonus

1103771628\1\AMERICAS

payment that is "incentive compensation." A bonus is incentive compensation if the bonus is based on more than just the employee's performance, such as when the bonus is in the nature of a profit-sharing arrangement and is dependent, at least in part, on the financial success of the business enterprise.

If you find that the Sports bonus was "incentive compensation," then Ms. Schoenadel has failed to satisfy this element and your inquiry stops here. You must then return a verdict for YouGov America on this claim. If you find that the Sports bonus constitutes "wages," then you must further determine whether Ms. Schoenadel has a contractual right to the Sports bonus.

Under New York Law, an employee's contractual right to a bonus is typically governed by the terms of the employer's bonus plan. In this case, Ms. Schoenadel does not assert that a bonus plan governed the Sports bonus. Instead, she claims that YouGov America's words and conduct show that it intended to be obligated to pay Ms. Schoenadel a Sports bonus. YouGov America claims that it did not intend to be obligated by its words or conduct. YouGov America further claims that it retained its discretion whether to pay Ms. Schoenadel a Sports bonus. The intent of the parties is determined by considering their relationship, what they said and what they did, and all of the surrounding circumstances. A person's secret intent has no bearing; only the intent indicated by his or her conduct may be considered.

If you decide that YouGov America did not state the words or conduct on which Ms. Schoenadel relies or that YouGov America's statements and/or actions do not show an intention to be obligated to pay Ms. Schoenadel a Sports bonus, you will find that Ms. Schoenadel has failed to satisfy this element of her claim, and your inquiry stops here. You must then return a verdict for YouGov America on this claim. If you decide, by a preponderance of the evidence, that YouGov America did state words or engage in conduct on which Ms. Schoenadel relies and that YouGov

America's words and/or conduct show an intention to be obligated to pay Ms. Schoenadel a Sports bonus, you will find that Ms. Schoenadel satisfied this element of her claim.

If you find that Ms. Schoenadel has satisfied the second element of her claim, then Ms. Schoenadel and YouGov America agree that she has also satisfied the **third** element of her claim. Therefore, you must enter a verdict in favor of Ms. Schoenadel on this claim.

**Source**: Iqbal v. Teva Pharm. USA, Inc., 753 Fed. Appx. 50, 56 (2d Cir. 2018) (unpublished); Doolittle v. Nixon Peabody LLP, 65 N.Y.S.3d 370, 374 (N.Y. App. Div. 4th Dept. 2017); Short v. Churchill Benefit Corp., No. 14-CV-4561 (MKB), 2016 WL 8711349, at *9 (E.D.N.Y. Apr. 8, 2016); Ryan v. Kellogg Partners Institutional Services, 968 N.E.2d 947, 956 (N.Y. 2012); Truelove v. N.E. Capital & Advisory, Inc., 738 N.E.2d 770, 772 (N.Y. 2000); N.Y. Pattern Jury Instr.--Civil 4:1.

1103771628\1\AMERICAS

**DEFENDANT'S REQUESTED INSTRUCTION NO. #**
**(At-Will Employment)**

When considering Ms. Schoenadel's claims, you should keep in mind that absent an employment contract, employment is "at-will." That is to say that the employer may terminate an employee at any time, with or without cause, so long as the reason for the termination is not an illegally discriminatory or retaliatory reason.

**Source**: Federal Jury Practice and Instructions § 171.20; *Murphy v. American Home Prods. Corp.*, 58 N.Y.2d 293, 300-01 (1983).

1103771628\1\AMERICAS

**DEFENDANT'S REQUESTED INSTRUCTION NO. #**
**(Personality Conflicts)**

Adverse decisions that are the result of a personality clash, or personal favoritism, or a preference to work with certain people — not premised on or motivated by discriminatory reasons — are not illegal.

> **Source**: *Fisher v. Vassar Coll.*, 114 F.3d 1332, 1338 (2d Cir. 1997), *abrogated on other grounds by Reeves v. Sanderson Plumbing Prod., Inc.,* 530 U.S. 133 (2000); *Krulik v. Board of Educ.*, 781 F.2d 15, 21 (2d Cir. 1986); *Younger v. Henderson*, No. 00-cv-9491, 2001 WL 1543811, at *2 (S.D.N.Y. Dec. 3, 2001).

1103771628\1\AMERICAS

## DEFENDANT'S REQUESTED INSTRUCTION NO. #
### (Business Judgment Rule)

The law allows an employer, such as YouGov America, broad discretion in the implementation of its legitimate business objectives, including the supervision and management of its employees and their work assignments. An employer is legally entitled to exercise its own business judgment when making a business decision. Neither you nor I can second guess that business decision.

In other words, Ms. Schoenadel may not prevail merely because you do not agree with YouGov America's decisions or think the decisions were unfair, unjust or a mistake. The fact that an employer's decision may seem stupid, incorrect, unfair, unwise – or even that a business judgment was based on personal animosity – is irrelevant. The question is not whether YouGov America's methods were sound, or their judgments the best ones or the right ones or the fair ones, or whether you would have done the same thing if you were in the employer's shoes at the time. Instead, the only issue before you is whether YouGov America was motivated by Ms. Schoenadel's gender, or acted in retaliation against Ms. Schoenadel's protected activity when making the decisions regarding Ms. Schoenadel's employment; not whether YouGov America made the right decision.

**Source**: (Dkt. 211), Jury Instructions, *Belabbas v. Inova Software Inc. et al*, 1:16-CV-07379; N.Y. Pattern Jury Instr.--Civil 9:1, 9.2.

1103771628\1\AMERICAS

**DEFENDANT'S REQUESTED INSTRUCTION NO. #**
**(Same Actor Inference)**

You have heard that Mr. Saez, Mr. McIntosh, and Mr. Chahal participated in the alleged adverse employment actions. You also have heard that Mr. Saez, Mr. McIntosh, and Mr. Chahal all participated in various decisions to hire, promote, or increase the compensation of Ms. Schoenadel.

When the individual who hires a person is the same person who participates in the decision-making of an adverse employment action, there is a strong inference that discrimination did not motivate the employment decision. You may, but are not required to, infer from this evidence that Mr. Saez, Mr. McIntosh, and Mr. Chahal's participation in the alleged employment actions relating to Ms. Schoenadel was not motivated by gender.

**Source**: *Grady v. Affiliated Central, Inc.*, 130 F.3d 553, 560 (2d Cir. 1997); N.Y. Pattern Jury Instr.--Civil 9:1.

1103771628\1\AMERICAS

## III. <u>DAMAGES</u>

### <u>REQUESTED INSTRUCTION NO. 28</u>
### (Damages - Introduction)

I will now instruct you on the law for determining damages in this action. The fact that I am instructing you on the proper measure of damages should not be considered an indication of my view as to which party is entitled to your verdict on any of the claims in this case. Instructions on measuring damages are given for your guidance only in the event that you should find for Ms. Schoenadel on any of her claims.

You should not interpret the fact that I am giving instructions about damages now as an indication that I believe that Ms. Schoenadel should, or should not, receive damages. It is your task and yours alone, as the jury, to decide whether she is entitled to prevail on her claims. In other words, you should only reach the issue of what damages may be appropriate if you decide that Ms. Schoenadel prevails on any of her claims.

You may only award those damages that Ms. Schoenadel has proved by a preponderance of the evidence. Any damages that you may choose to award should be based on the credible evidence presented at trial.

> **Source:** <u>FJIP</u> § 106:02; Jury Instructions in <u>Delville v. Firmenich Inc.</u>, No. 08 Civ. 10891, ECF No. 118, at 149-85 (Nov. 13, 2013).

1103771628\1\AMERICAS

## REQUESTED INSTRUCTION NO. 29

### (Damages Generally)

If you find for Ms. Schoenadel on any of her discrimination or retaliation claims, then you should determine an amount that is fair compensation for her damages. The purpose of these laws is to make Ms. Schoenadel whole—to put her in the same position she would have been in had YouGov America not discriminated or retaliated against her.

> **Source:** N.Y. Exec. Law § 297(9); N.Y.C. Admin. Code § 8-502(a); Albemarle Paper Co. v. Moody, 422 U.S. 405, 417-18 (1975); Bergerson v. New York State Office of Mental Health, Cent. New York Psychiatric Ctr., 652 F.3d 277, 286 (2d Cir. 2011); Carrero v. N.Y.C. Hous. Auth., 890 F.2d 569, 579-81 (2d Cir. 1989); Tse v. New York Univ., No. 10 Civ. 7207, 2016 WL 10907062, at *29-31 (S.D.N.Y. Aug. 29, 2016); Press v. Concord Mortg. Corp., No. 08 Civ. 09497, 2010 WL 3199684, at *1-2 (S.D.N.Y. Aug. 11, 2010); Watson v. E.S. Sutton, Inc., No. 02 Civ. 2739, 2005 WL 2170659, at *16 (S.D.N.Y. Sept. 6, 2005).

1103771628\1\AMERICAS

## DEFENDANT'S REQUESTED INSTRUCTION NO. #

### (Damages: Back Pay)

If you determine that Ms. Schoenadel was subject to an adverse employment action as a result of unlawful discrimination or retaliation, she may recover the wages and other benefits she would have earned if she had not been subject to unlawful conduct by YouGov America.

An award of back pay runs from the date of the unlawful conduct to the date of the judgment in this action. Thus, for example, if you determine that Ms. Schoenadel was constructively discharged, you must determine the total compensation she would have earned during her employment had she not been constructively discharged. You should also include any anticipated pay raises, bonuses, and other compensation increases or payments necessary to make Ms. Schoenadel whole in determining your total award of back pay damages.

> **Source**: (Dkt. 211), Jury Instructions, *Belabbas v. Inova Software Inc. et al*, 1:16-CV-07379; N.Y. Pattern Jury Instr.-- Civil 9:2.

1103771628\1\AMERICAS

## DEFENDANT'S REQUESTED INSTRUCTION NO. #
### (Front Pay)

If you determine that Ms. Schoenadel suffered an adverse employment action as a result of unlawful discrimination or retaliation, she also may recover front pay for wages and other benefits she would have earned in the future if she had not suffered the adverse employment action.

Front pay is separate and distinct from back pay. The purpose of front pay is to compensate an employee who has been discriminated or retaliated against for any continuing harm caused by her employer's unlawful conduct.

In calculating front pay, you must determine the total salary Ms. Schoenadel would have received from the date of your verdict until the date she would have ended her employment with YouGov America if she had not been constructively discharged. In other words, you must determine how many years into the future that compensation should be awarded based on how long you believe Ms. Schoenadel would have continued working for YouGov America if she had not been constructively discharged. You should also include any anticipated pay raises and other compensation increases or payments necessary to make Ms. Schoenadel whole in determining your total award of front pay damages.

Additional Factors to be considered in determining front pay include the age of Ms. Schoenadel and her reasonable prospects of obtaining comparable employment. If you find that Ms. Schoenadel found comparable alternative employment following her employment at YouGov America, then you may not award her front pay.

**Source:** (Dkt. 211), Jury Instructions, *Belabbas v. Inova Software Inc. et al*, 1:16-CV-07379; N.Y. Pattern Jury Instr.-- Civil 9:2.

1103771628\1\AMERICAS

**(Damages: New York Labor Law Unlawful Wage Deductions)**

If you find that YouGov America is liable to Ms. Schoenadel for violating the New York Labor Law, then you must determine the amount of money to award to Ms. Schoenadel as damages. I will now instruct you how to calculate those damages.

If YouGov America is liable for violating the New York Labor Law, then Ms. Schoenadel may recover damages. The recoverable damage is the value, if any, of the amount of wages that YouGov America unlawfully failed to pay Ms. Schoenadel.

Remember the previous instruction on the definition of "wages" under the New York Labor Law. The New York Labor Law defines "wages" as the earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis. This definition of wages includes a bonus payment if the bonus payment was expressly linked to the employee's labor or services personally rendered—that is, there must be a direct relationship between the employee's own performance and the bonus payment to which that employee was entitled. "Wages" does not, however, include a bonus payment that is "incentive compensation." A bonus is incentive compensation if the bonus is based on more than just the employee's performance, such as when the bonus is in the nature of a profit-sharing arrangement and is dependent, at least in part, on the financial success of the business enterprise.

Additionally, if you find that YouGov America is liable to Ms. Schoenadel for violating the New York Labor Law, then you must also determine whether YouGov America, despite its failure to pay Ms. Schoenadel her earned wages, acted in good faith.

To show that YouGov America acted in good faith with respect to Ms. Schoenadel's earned wages, YouGov America must show that it took active steps to ascertain the requirements of the

New York Labor Law and comply with them. It is YouGov America's burden to show that it acted

in good faith.

> **Source:** NYLL §§ 193, 198; <u>Mangahas v. Eight Oranges Inc.</u>, No. 22-CV-4150 (LJL), 2024 WL 4555669, at \*23 (S.D.N.Y. Oct. 22, 2024).

> **YouGov America's Source**: <u>Iqbal v. Teva Pharm. USA, Inc.</u>, 753 Fed. Appx. 50, 56 (2d Cir. 2018) (unpublished); <u>Doolittle v. Nixon Peabody LLP</u>, 65 N.Y.S.3d 370, 374 (N.Y. App. Div. 4th Dept. 2017); <u>Short v. Churchill Benefit Corp.</u>, No. 14-CV-4561 (MKB), 2016 WL 8711349, at \*9 (E.D.N.Y. Apr. 8, 2016); <u>Ryan v. Kellogg Partners Institutional Services</u>, 968 N.E.2d 947, 956 (N.Y. 2012); <u>Truelove v. N.E. Capital & Advisory, Inc.</u>, 738 N.E.2d 770, 772 (N.Y. 2000).

1103771628\1\AMERICAS

If you find that Ms. Schoenadel has established any of her claims, you must consider whether YouGov America has proven the elements of the after-acquired evidence defense. The after-acquired evidence defense limits the damages that an employee, such as Ms. Schoenadel, may receive when an employer, such as YouGov America, establishes that Ms. Schoenadel would have been terminated for lawful reasons. In other words, YouGov America's introduction of after-acquired evidence of misconduct does not defeat Ms. Schoenadel's claim, but rather relates to a determination of remedies.

In this case, YouGov America has offered evidence that YouGov America would have terminated Ms. Schoenadel's employment based on its discovery of the following evidence which would have warranted termination of Ms. Schoenadel's employment on such grounds alone: (1) Ms. Schoenadel retained YouGov America's confidential property in violation of the terms of her offer letter; ~~and~~ or (2) Ms. Schoenadel executed a contract in violation of YouGov America's policy causing serious financial impact to YouGov America.

A defendant asserting an after-acquired evidence defense must establish that Ms. Schoenadel's wrongdoing was of such severity that the employee would have been terminated on such grounds alone if the employer had known of it at the time of discharge.

If you find that YouGov America has established by a preponderance of the evidence that it would have terminated Ms. Schoenadel's employment based on its discovery that Ms. Schoenadel retained YouGov America's confidential property in violation of the terms of her offer letter, then you must find that the evidence weighs in favor of YouGov America and limit Ms. Schoenadel's recovery of damages after May 9, 2023. If you find that YouGov America has established by a preponderance of the evidence that it would have terminated Ms. Schoenadel's

employment based on its discovery that Ms. Schoenadel executed a contract in violation of YouGov America's policy causing serious financial impact to YouGov America, then you must find that the evidence weighs in favor of YouGov America and limit Ms. Schoenadel's recovery of damages after July 9, 2022.

**Source**: *McKennon v. Nashville Banner Pub'g Co.*, 513 U.S. 352 (1995); N.Y. Pattern Jury Instr. -- Civil 9.2

## DEFENDANT'S REQUESTED INSTRUCTION NO. #
### (Damages: Compensatory Damages)

If you find that YouGov America discriminated against Ms. Schoenadel based on her gender or retaliated against her for her protected activity, then you must determine an amount that is fair compensation for Ms. Schoenadel's emotional pain and suffering that she has proved that she suffered as a result of YouGov America's conduct. You may award compensatory damages only for injuries Ms. Schoenadel proves were caused by YouGov America's wrongful conduct. The damages that you award must be fair compensation – no more and no less.

No evidence of the monetary value of such intangible things as pain and suffering has been, or need to be, introduced into evidence.

There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make should be fair in light of the evidence presented at trial.

In determining the amount of damages you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork. On the other hand, the law does not require that Ms. Schoenadel prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

**Source:** (Dkt. 211), Jury Instructions, *Belabbas v. Inova Software Inc. et al*, 1:16-CV-07379; N.Y. Pattern Jury Instr.--Civil 9:2.

1103771628\1\AMERICAS

### DEFENDANT'S REQUESTED INSTRUCTION NO. #
#### (Damages: Punitive Damages Under Title VII)

**[YouGov America only requests this instruction if the Court concludes that an instruction regarding punitive damages is appropriate based upon the evidence adduced at trial.]**

Ms. Schoenadel claims the acts of YouGov America were done with malice or reckless indifference to Ms. Schoenadel's federally protected rights and that as a result there should be an award of what are called "punitive" damages. A jury may award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future.

An award of punitive damages is permissible in this case only if you find by a preponderance of the evidence that a management official of YouGov America personally acted with malice or reckless indifference to Ms. Schoenadel's federally protected rights. An action is with malice if a person knows that it violates the federal law prohibiting discrimination and does it anyway. An action is with reckless indifference if taken with knowledge that it may violate the law.

But even if you make a finding that there has been an act of discrimination with malice or reckless disregard of Ms. Schoenadel's federal rights, you cannot award punitive damages if YouGov America proves by a preponderance of the evidence that it made a good-faith attempt to comply with the law, by adopting policies and procedures designed to prevent unlawful discrimination such as that suffered by Ms. Schoenadel.

An award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied and that YouGov America has not proved that it made a good-faith attempt to comply with the law, then you may decide to award punitive

damages, or you may decide not to award them. I will now discuss some considerations that should guide your exercise of this discretion.

If you have found the elements permitting punitive damages, as discussed in this instruction, then you should consider the purposes of punitive damages. The purposes of punitive damages are to punish a defendant for a malicious or reckless disregard of federal rights, or to deter a defendant and others like the defendant from doing similar things in the future, or both. Thus, you may consider whether to award punitive damages to punish YouGov America. You should also consider whether actual damages standing alone are sufficient to deter or prevent YouGov America from again performing any wrongful acts it may have performed. Finally, you should consider whether an award of punitive damages in this case is likely to deter others from performing wrongful acts similar to those YouGov America may have committed.

If you decide to award punitive damages, then you should also consider the purposes of punitive damages in deciding the amount of punitive damages to award. That is, in deciding the amount of punitive damages, you should consider the degree to which YouGov America should be punished for its wrongful conduct, and the degree to which an award of one sum or another will deter YouGov America or others from committing similar wrongful acts in the future.

Keep in mind that punitive damages are not intended to, and may not be used to, compensate Ms. Schoenadel for her injuries. Instead, the purpose of punitive damages is to punish a defendant and to deter similar conduct in the future.

Any punitive damages award should be limited to the amount reasonably necessary to achieve the goals of punishment and deterrence.

You may assess punitive damages against YouGov America, or you may refuse to impose punitive damages.

1103771628\1\AMERICAS

**Source:** Third Circuit Model Jury Instructions, Instructions for Employment Discrimination Claims Under Title VII – 5.4.2 (2024).

## DEFENDANT'S REQUESTED INSTRUCTION NO. #
## (Damages: Punitive Damages Under the NYSHRL and the NYCHRL)

**[YouGov America only requests this instruction if the Court concludes that an instruction regarding punitive damages is appropriate based upon the evidence adduced at trial.]**

If you find that Ms. Schoenadel has prevailed on her NYSHRL and NYCHRL discrimination or retaliation claims, you may award her punitive damages. A jury may award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future. An award of punitive damages is only appropriate if you find by a preponderance of the evidence that YouGov America engaged in discrimination or retaliation with willful or wanton negligence, or recklessness, or a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard.

An award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied then you may decide to award punitive damages, or you may decide not to award them. I will now discuss some considerations that should guide your exercise of this discretion.

If you have found the elements permitting punitive damages, as discussed in this instruction, then you should consider the purposes of punitive damages. The purposes of punitive damages are to punish a defendant for a willful or wanton disregard of the City Law, or to deter a defendant and others like YouGov America from doing similar things in the future, or both. Thus, you may consider whether to award punitive damages to punish YouGov America. You should also consider whether actual damages standing alone are sufficient to deter or prevent YouGov America from again performing any wrongful acts that may have been performed. Finally, you

should consider whether an award of punitive damages in this case is likely to deter others from performing wrongful acts similar to those YouGov America may have committed.

If you decide to award punitive damages, then you should also consider the purposes of punitive damages in deciding the amount of punitive damages to award. That is, in deciding the amount of punitive damages, you should consider the degree to which YouGov America should be punished for the wrongful conduct at issue in this case, and the degree to which an award of one sum or another will deter YouGov America or others from committing similar wrongful acts in the future.

Keep in mind that punitive damages are not intended to, and may not be used to, compensate Ms. Schoenadel for her injuries. Instead, the purpose of punitive damages is to punish a defendant and to deter similar conduct in the future.

Any punitive damages award should be limited to the amount reasonably necessary to achieve the goals of punishment and deterrence.

You may assess punitive damages against YouGov America, or you may refuse to impose punitive damages.

> **Source:** (Dkt. 211), Jury Instructions, *Belabbas v. Inova Software Inc. et al*, 1:16-CV-07379; N.Y. Exec. Law § 297(9); N.Y.C. Admin. Code § 8-107(13); N.Y.C. Admin. Code § 8-502(a).

1103771628\1\AMERICAS

# DEFENDANT'S REQUESTED INSTRUCTION NO. #

## (Nominal Damages)

If you return a verdict for Ms. Schoenadel on a claim but find that she has failed to prove that she has suffered any actual damages, then you must return an award of nominal damages not to exceed the sum of one dollar. Nominal damages must be awarded when a plaintiff has been deprived of a right but has suffered no actual damages as a natural consequence of that deprivation. Therefore, if you find that Ms. Schoenadel has suffered no damages as a result of YouGov America's conduct other than the fact of a deprivation of a legal right, you should award nominal damages not to exceed one dollar. You may not award both nominal and compensatory damages. Ms. Schoenadel either was measurably injured, in which case you would award compensatory and/or economic damages, or not, in which case you would award nominal damages.

**Source**: (Dkt. 211), Jury Instructions, *Belabbas v. Inova Software Inc. et al*, 1:16-CV-07379.

## DEFENDANT'S REQUESTED INSTRUCTION NO. #
### (Speculative Damages)

You many not speculate, guess, or infer damages. Damages must be reasonable and based upon the evidence before you. You must determine the appropriate amount of damages, if any, based upon the evidence presented and not because you feel sympathy for Ms. Schoenadel.

> **Source**: Third Circuit Model Jury Instructions, Instructions for Employment Discrimination Claims Under Title VII – 5.4.1 (2024); (Dkt. 211), Jury Instructions, *Belabbas v. Inova Software Inc. et al*, 1:16-CV-07379.

1103771628\1\AMERICAS

## DEFENDANT'S REQUESTED INSTRUCTION NO. #
### (Duplicative Damages Are Not Allowed)

Ms. Schoenadel cannot recover more than once for the same injury. for example, if Ms. Schoenadel were to prevail on two different theories and establish a one-dollar injury, you are not permitted to award Ms. Schoenadel one dollar on each theory. Ms. Schoenadel is not entitled to recover more than you determine she has lost. For example, if you choose to award Ms. Schoenadel damages under her discrimination and/or retaliation claims, you must consider the amount awarded in such a manner that Ms. Schoenadel does not receive a greater award than the loss she has proven to have sustained. If you have incorrectly allocated damages, resulting in some duplication, indicate that this has occurred in your Jury Verdict form and write how much was duplicated and where.

**Source**: (Dkt. 211), Jury Instructions, *Belabbas v. Inova Software Inc. et al*, 1:16-CV-07379.

**DEFENDANT'S REQUESTED INSTRUCTION NO. #**
**(Economic Damages – Mitigation)**

In determining the amount of economic damages, if any, that Ms. Schoenadel is entitled to recover, the law provides that she must make every reasonable effort to minimize or reduce her damages for loss of compensation by seeking employment. This is called mitigation of damages. However, it is YouGov America's burden to prove by a preponderance of the evidence that Ms. Schoenadel failed to mitigate her damages.

If you determine that Ms. Schoenadel is entitled to damages, you must reduce these damages by the amount that she actually earned following the end of her employment or the amount you determine that she could have earned through a reasonable effort during the period from the end of her employment until the date of trial.

**Source**: (Dkt. 211), Jury Instructions, *Belabbas v. Inova Software Inc. et al*, 1:16-CV-07379; *Walsh v. Scarsdale Union Free Sch. Dist.*, No. 16 CIV. 3558 (NSR), 2019 WL 6789581, at *4-6 (S.D.N.Y. Dec. 12, 2019).

1103771628\1\AMERICAS

## DEFENDANT'S REQUESTED INSTRUCTION NO. #
## (Speculation)

Although Ms. Schoenadel is not required to produce direct evidence of intentional discrimination or retaliation, Ms. Schoenadel's speculation, personal beliefs, or opinions about YouGov America's reasons for its actions are not a substitute for actual evidence. You may not use speculation to infer discrimination or retaliation. Rather, in order for you to find in Ms. Schoenadel's favor on her discrimination claims, Ms. Schoenadel must offer non-conclusory evidence to prove that her gender played a role in any unfair treatment of Ms. Schoenadel. Similarly, in order for you to find in Ms. Schoenadel's favor on her retaliation claims, Ms. Schoenadel must offer non-conclusory evidence to prove that her protected activity played a role in any adverse employment action taken against her.

If you find that Ms. Schoenadel has failed to offer non-conclusory evidence of discrimination or retaliation that can be connected to the decisionmakers of YouGov America, then you must find that the evidence weighs in favor of YouGov America and find in YouGov America's favor. YouGov America's speculation, personal beliefs, or opinions about the reasons for its actions likewise are not a substitute for actual evidence.

**Source**: (Dkt. 211), Jury Instructions, *Belabbas v. Inova Software Inc. et al*, 1:16-CV-07379.

1103771628\1\AMERICAS

## REQUESTED INSTRUCTION NO. 39
### (Evidence- General Instruction)

You are to consider only the evidence in the case. The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, and any stipulations of facts to which the parties have agreed.

A stipulation is an agreement among the parties that certain facts are true. You must consider those facts to be true.

During the trial, certain deposition testimony was read to you or may have been played for you on video. Like the testimony you have heard in court, deposition testimony is sworn testimony that was given in response to questions asked by attorneys for the parties to the case. Deposition testimony should be considered in the same way as testimony that was given at the witness stand and should be judged as to credibility and weight in the same way.

It is for you to decide the weight, if any, to give testimony you have heard or exhibits you have seen. Your consideration of the evidence is not limited to the statements of the witnesses. In other words, you are not limited solely to what you have heard from the witnesses or seen. Rather, you may draw from the facts that you find have been proven, such reasonable inferences as seem justified in light of your experience. "Inferences" are deductions or conclusions that reason and common sense lead you to draw from the facts established by the evidence in the case.

Any testimony or other evidence that I have excluded, stricken, or told you to disregard, is not evidence and may not be considered by you in reaching your verdict.

Likewise, questions the parties' lawyers asked are not evidence. It is the witnesses' answers that are evidence, not the lawyers' questions. Arguments by the attorneys are not evidence because the attorneys are not witnesses. The arguments the lawyers have made in their opening statement summations, and at other times, are intended only to help you understand the evidence and reach

a verdict.

Finally, the statements or rulings that I have made are not evidence. Because you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to what the facts are or what the verdict should be. The ruling I have made during the trial are not indication of my views. Also, you should not draw any inferences from the fact that I may have, on occasion, asked certain questions to the witnesses. These questions were intended only to clarify or expedite proceedings, and they are not an indication of my view of the evidence. In short, if anything I have said or done seemed to you to indicate an opinion relating to any matter you need to consider, you must disregard it.

> **Source:** <u>FJIP</u> §§ 101:40, 101:44, 102:23, 102:45, 102:70, 102:71, 102:72, 102:73, 103:30, 103:33, 103:34, 104:20, 105:02; Jury Instructions in <u>Delville v. Firmenich Inc.</u>, No. 08 Civ. 10891, ECF No. 118, at 149-85 (Nov. 13, 2013).

> **YouGov America's Source**: 3 Fed. Jury Prac. & Instr. § 104:20 (7th ed.)

<u>**REQUESTED INSTRUCTION NO. 40**</u>

**(Evidence - Direct and Circumstantial Evidence)**

There are two types of evidence that you may properly use in reaching your verdict: direct evidence and circumstantial evidence.

Direct evidence is a witness's testimony about something the witness said or heard or did. Direct evidence may also be in the form of an exhibit, such as a written statement by one of the parties or its employees. For instance, let us suppose that a fact in dispute is whether I knocked over a water glass in the courtroom. If someone testifies that he saw me knock over the glass, that is direct evidence that I knocked over the glass.

The other type of evidence is circumstantial evidence. Circumstantial evidence is evidence that tends to prove one fact by proof of other facts. Here is a simple example of circumstantial evidence:

Assume that when you came to the courthouse this morning, the sun was shining, and it was a nice day. Assume that the courtroom blinds are drawn and you cannot see outside. As you are sitting here, someone walks in with an umbrella that is dripping wet and, then, someone else walks in with a raincoat that is also dripping wet.

You cannot look outside the courtroom and cannot see whether or not it is raining. You, therefore, have no direct evidence that it is raining. But, based on the combination of the facts I have asked you to assume, it would be reasonable and logical for you to conclude that between the time you arrived at the courthouse, and the time these people walked in, it had started to rain. This is an example of circumstantial evidence. It consists of circumstances that by common experience one may reasonably infer an ultimate fact sought to be established.

Many facts, such as a particular person's state of mind, can only rarely be proven by direct evidence. However, circumstantial evidence, if believed, has no less value than direct evidence,

and a party may use either direct or circumstantial evidence to prove his or her claim. You are to decide how much weight to give any evidence. The law makes no distinction between the two, but rather only requires that you, the members of the jury, decide the facts based on all the evidence, both direct and circumstantial. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

> **Source:** FJIP §§ 101:42, 104:05,171:26; Desert Palace, Inc. v. Costa, 539 U.S. 90, 100 (2003); Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 69 (2d Cir. 2001); Model Civ. Jury Instr. 3rd Cir. § 1.6 (2019); Jury Instructions in Delville v. Firmenich Inc., No. 08 Civ. 10891, ECF No. 118, at 149-85 (Nov. 13, 2013).

1103771628\1\AMERICAS

<u>**REQUESTED INSTRUCTION NO. 41**</u>
**(Evidence - Inferences)**

In these instructions, I have used the word "infer," and the lawyers, in their arguments, have asked you to draw inferences. When you draw an inference, you conclude, from one or more established facts, that another fact exists or is true. You make inferences based on your reasoning, experience, and common sense.

The process of drawing inferences from facts in evidence is not a matter of guesswork, suspicion, or speculation. Rather, an inference is a reasoned, logical deduction or conclusion that you, the members of the jury, may draw—but are not required to draw—from the facts that have been established by direct or circumstantial evidence. In considering inferences, you should use your common sense and draw, from the facts that have been proven, whatever reasonable inferences you find to be justified in light of your experience.

> **Source:** <u>FJIP</u> § 104:20; Jury Instructions in <u>Delville v.</u> <u>Firmenich</u> <u>Inc.</u>, No. 08 Civ. 10891, ECF No. 118, at 149-85 (Nov. 13, 2013).

1103771628\1\AMERICAS

## REQUESTED INSTRUCTION NO. 42
### (Evidence – Professional Expertise)

Although you are encouraged, as jurors, to use your life experiences in analyzing testimony and reaching a fair verdict, you may not communicate any professional expertise you might have or other facts not in evidence to the other jurors. You must base your discussions and decisions exclusively on the evidence admitted to you during this trial and that evidence alone. You may not consider or speculate on matters not in evidence or matters outside this case.

**Source:** <u>PJI</u> § 1:25A.

1103771628\1\AMERICAS

# DEFENDANT'S REQUESTED INSTRUCTION NO. #
## (Evidence – Credibility of Witnesses)

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

1103771628\1\AMERICAS

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary..

**Source:** 3 Fed. Jury Prac. & Instr. § 105:01 (7th ed.).

1103771628\1\AMERICAS

## DEFENDANT'S REQUESTED INSTRUCTION NO. #
### (Evidence – Impeachment of Witnesses)

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**Source:** 3 Fed. Jury Prac. & Instr. § 105:04 (7th ed.).

1103771628\1\AMERICAS

# DEFENDANT'S REQUESTED INSTRUCTION NO. #

## (Evidence – Rulings on Evidence and Objections)

When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side believes the question or exhibit is not admissible under the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received into evidence. If I sustain the objection, the question cannot be answered and the exhibit cannot be received into evidence.

If I sustain an objection to a question or the admission of an exhibit, you must ignore the question and must not guess what the answer to the question might have been. In addition, you must not consider evidence that I have ordered stricken from the record.

**Source:** 3 Fed. Jury Prac. & Instr. § 101:49 (7th ed.).

1103771628\1\AMERICAS

<u>**REQUESTED INSTRUCTION NO. 48**</u>
**(Deliberations – Duty to Deliberate)**

The most important part of the case, members of the jury, is the part that you as jurors are about to play as you deliberate on the issues of fact. It is for you, and you alone, to decide whether Ms. Schoenadel has proven the elements of her claims by a preponderance of the evidence. I know you will judge the issues that have been presented to you according to the oath that you have taken as jurors. In that oath, you promised that you would well and truly try the issues in this case and render a true verdict. Your function is to weigh the evidence in this case and reach your decisions based solely on the evidence. Your duty is to decide the issues before you fairly and impartially.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Your verdict, and the answers to each question on the verdict form, must be unanimous. Unless all of you agree, you may not return an answer to any question.

**Source:** <u>FJIP</u> §§ 101:01, 103:50, 106:01, 106:16; Jury Instructions in <u>Delville v. Firmenich Inc.</u>, No. 08 Civ. 10891, ECF No. 118, at 149-85 (Nov. 13, 2013).

1103771628\1\AMERICAS

<u>**REQUESTED INSTRUCTION NO. 49**</u>

**(Deliberations – All Jurors Required for Deliberation)**

You are not to discuss this case until all jurors are present. A collection of five, six, or even seven jurors together is only a gathering of individuals. Only when all jurors are present do you constitute a jury, and only then may you deliberate.

> **Source:** FJIP § 101:11; Jury Instructions in <u>Delville v. Firmenich Inc.</u>, No. 08 Civ. 10891, ECF No. 118, at 149-85 (Nov. 13, 2013).

1103771628\1\AMERICAS

## REQUESTED INSTRUCTION NO. 50

### (Deliberations – Duties of the Foreperson)

I am going to ask that you select a foreperson when you begin your deliberations. You should all vote on who will be the foreperson. The foreperson does not have any more power or authority than any other juror, and foreperson's vote or opinion does not count for any more than any other juror's vote or opinion. The foreperson is merely your spokesperson to the Court. The foreperson will send out any notes for the Court, and when the jury has reached a verdict, the foreperson will notify, fill out and sign the verdict form, and give the verdict in open court.

**Source:** FJIP §§ 103:50; 106:04; Jury Instructions in Delville v. Firmenich Inc., No. 08 Civ. 10891, ECF No. 118, at 149-85 (Nov. 13, 2013).

1103771628\1\AMERICAS

# REQUESTED INSTRUCTION NO. 51

## (Deliberations – Right to Exhibits and Testimony / Communications with the Court)

The exhibits will be sent to you in the jury room. Any communication with this Court should be made in writing, signed by your foreperson, and given to _____, who will be here in the courtroom while you deliberate. I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom, so I can speak with you in person.

You are not to reveal the standing of the jurors—that is, the split of the vote—to anyone, including me, at any time during your deliberations. So do not ever indicate, in a note or otherwise, what the vote is or which way the majority is leaning or anything like that. Nobody outside the jury should know how the jury stands on any issue until a unanimous verdict is reached.

> **Source:** FJIP §§ 101:20, 103:50, 106:08; Jury Instructions in
> Delville v. Firmenich Inc., No. 08 Civ. 10891, ECF No. 118, at
> 149-85 (Nov. 13, 2013).

1103771628\1\AMERICAS

## <u>REQUESTED INSTRUCTION NO. 52</u>

**(Deliberations – Juror Notes)**

If any of you took notes during the course of this trial, you should not show your notes to, or discuss your notes with, any other juror during your deliberations. Any notes you have taken are to be used solely to assist you. The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror. Finally, your notes are not to substitute for your recollection of the evidence in this case. If your memory should differ from your notes, then you should rely on your memory and not your notes.

> **Source:** <u>FJIP</u> §§ 101:15, 101:18, 103:02; Jury Instructions in <u>Delville v.</u> <u>Firmenich Inc.</u>, No. 08 Civ. 10891, ECF No. 118, at 149-85 (Nov. 13, 2013).

1103771628\1\AMERICAS

# REQUESTED INSTRUCTION NO. 53

## (Deliberations – Verdict Form)

As I said before, when you retire to deliberate, you should choose a foreperson. The foreperson will receive a verdict form on which to record your verdict. You will see that the verdict form has various questions for you to answer in the order in which they appear. When the foreperson has completed the verdict form, the foreperson must sign his or her name, and the verdict form will be marked as a Court Exhibit.

**Source:** FJIP §§ 103:50; 106:05; Jury Instructions in Delville v. Firmenich Inc., No. 08 Civ. 10891, ECF No. 118, at 149-85 (Nov. 13, 2013).

<u>**REQUESTED INSTRUCTION NO. 54**</u>

**(Deliberations – Closing)**

Finally, all litigants stand equal in the courtroom. All litigants stand equal before the bar

of justice. All litigants stand equal before you. Your duty is to decide between these parties fairly

and impartially and to seek the truth from the evidence in the case in accordance with your oath as

jurors.

I thank you for your time and attentiveness.

> **Source:** Jury Instructions in <u>Delville v. Firmenich Inc.</u>, No. 08
> Civ. 10891, ECF No. 118, at 149-85 (Nov. 13, 2013); <u>FJIP</u> §
> 103:50.

<u>APPROVED AS TO FORM AND SUBSTANCE</u>

Respectfully submitted,

*/s/ Meghan E. Hill*
Meghan E. Hill (MH1523)
Traci L. Martinez (*pro hac vice*)
SQUIRE PATTON BOGGS (US) LLP
1211 Avenue of the Americas, 26th Floor
New York, New York 10036
Telephone: +1.212 872.9800
Facsimile: +1.212 872 9815
E-mail: meghan.hill@squirepb.com
         traci.martinez@squirepb.com

*COUNSEL FOR DEFENDANT*
*YOUGOV AMERICA INC.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on February 4, 2025, I electronically filed the foregoing with the United States

District Court for the Southern District of New York, which will notify the following parties:

    Anne L. Clark
    Brandon R. White
    VLADECK, RASKIN & CLARK, P.C.
    565 Fifth Avenue, 9th Floor
    New York, New York 10017
    (212) 403-7300
    E-mail: aclark@vladeck.com
            bwhite@vladeck.com

    *Counsel for Plaintiff Tracy Schoenadel*

                                */s/ Meghan E. Hill*
                                Meghan E. Hill (MH1523)
                                Counsel for Defendant YouGov America, Inc.

1103771628\1\AMERICAS